**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: August 4, 2009 9:30 A.M. |

**NOTICE OF MOTION**

To:  See attached service list

    PLEASE TAKE NOTICE that on August 4, 2009 at 9:300 a.m. I shall appear before the Honorable Eugene Wedoff, or any other Judge sitting in his stead, in Courtroom 744, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and shall then and there present the Debtor's **Motion for Order Authorizing and Restricting Use of Cash Collateral,** a copy of which is enclosed and is herewith served upon you. At which time and place you may appear and be heard.

                                          /s/ Forrest L. Ingram
                                          One of Debtor's attorneys

Forrest L. Ingram, #3129032
Peter L. Berk
Patrick F. Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

**CERTIFICATE OF SERVICE**

    I, Forrest L. Ingram, an attorney, certify that I served a true and correct copy of the above and foregoing notice and the document to which it refers on the parties listed on the attached service list, on July 10, 2009, either by electronic filing through ECF or by regular U.S. mail and email.

                                          /s/ Forrest L. Ingram

## SERVICE LIST

**VIA CM/ ECF**

**William T Neary**
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604

**Bank of America**
Dykema Gossett PLLC
Robert D. Nachman
Morgan M. Smith
10 S. Wacker Dr. Suite 2300
Chicago, IL 60606

**Metropolitan Water Reclamation District of Greater Chicago**
c/o Barry A. Chatz
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200

**VIA FACSIMILE**

**EBRO Foods INC**
1330 W 43rd Street
Chicago, IL 60609
(773) 696-0151

**Environmental Services, Inc.**
Esposito & Staubus
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-3177

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: August 4, 2009 9:30 A.M. |

**MOTION FOR ORDER AUTHORIZING
AND RESTRICTING USE OF CASH COLLATERAL**

NOW COMES the Debtor and Debtor in Possession Ebro Foods, Inc. (the "Debtor"), by and through its attorneys, Forrest L. Ingram, P.C., and moves this Court to enter an interim order granting it leave to use the cash collateral of Bank of America (the "Bank"). In support of this Motion, the Debtor states the following:

1. The Debtor is an Illinois corporation having its principal offices at 1330 West 43rd Street, Chicago, IL 60609.

2. On March 24, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. The Debtor has retained possession of its assets and has continued the operation and management of its business.

3. No examiner or trustee has been appointed in these cases, and no official committee representing any of the unsecured creditors has yet been appointed.

4. This Court has jurisdiction over this case under 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (M).

5. Notice of this Motion has been given to all purported secured creditors and the United States Trustee. Notice of the final hearing of this motion has been given to the Debtor's respective twenty (20) largest unsecured creditors.

6. Debtor is engaged in manufacture and distribution of certain foods.

7. Upon information and belief, Bank of America claims an interest in Debtor's cash, accounts, and inventory, and other assets.

8. The Bank claims a priority lien and security interest in the Debtor's pre-petition accounts receivable, equipment, and inventory to secure indebtedness to the Bank, claimed by the Bank to be excess of $600,000 (the "Pre-Petition Obligations"). Debtor believes the actual amount owed to the Bank is about $300,000.

9. While the Debtor disputes the amount of its Pre-Petition Obligation due to several forebearance payments for a total of $175,000.00, as well as various amounts offset by the Bank from Debtor's account, Debtor has not had sufficient time to obtain a court order determining the validity, priority, enforceability, and/or extent of the claimed lien. Therefore, Debtor will not take a position regarding these issues in this motion, and reserves all rights with respect thereto.

10. Pursuant to 11 U.S.C. § 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral.

11. Regardless of the correct amount of its Pre-Petition Obligation, or validity of the Bank's lien, an immediate need exists for the Debtor to use cash collateral in order to continue the operations of its business.

12. The attached Budget sets forth Debtor's estimates of the expense Debtor will be required to pay monthly until September, 2009. (See Exhibit A)

13. In addition to the expenses set forth in this Budget, Debtor must immediately address the following two items:

   A. First, Debtor must have the use of its cash collateral to pay a deposit for certain utilities pursuant to the Metropolitan Water Reclamation District of Greater Chicago's Request for Allowance and Payment of Administrative Expense and Six Month Deposit Pursuant to Section 366, filed May 7, 2009.

   B. Second, Debtor must have the use of its cash collateral to assure payment to Environmental Services, Inc. for wastewater treatment system to assure compliance with Metropolitan Water Reclamation District of Greater Chicago ("MWRDGC") regulations, violations of which are subject to fines.

14. Water shutoff or continued violations of MWRDGC will cause the facility to shut down, and will effectively stop the Debtor's reorganization efforts before the company has a chance to propose a plan.

15. The Bank is currently an over-secured creditor, already adequately protected by an equity cushion since the amount of assets listed on Schedule B of Debtor's petition by far exceeds the Bank's purported lien amount.

16. Further, even though the Bank has a significant equity cushion, Debtor is prepared to offer, *as further adequate protection*, the following:

   A. a monthly payment of $3,000.00, payable on the first day of the month, or upon granting of this motion. The Bank has already received $9,728.27 in April, 2009 through setoff of Debtor's account, which Debtor proposes to be applied toward adequate protection payments of April, May, June and part of July.

    B. a replacement lien on incoming accounts receivable to replace the accounts receivable that existed at the Petition Date, but have long since been used to pay ongoing business expenses.

17. Debtor's prior attempts to reach an agreement with the Bank on the use of its cash collateral have been unsuccessful.

18. Debtor brings this motion pursuant to of Bankruptcy Rule 4001(b).

19. Failure to grant Debtor use of its cash collateral on the interim basis will cause immediate and irreparable harm to the estate.

20. Debtor believes this proposal is fair and reasonable under the circumstances since the Bank, though it, will obtain even greater protection of its security interest than it had when the case began.

    **WHEREFORE**, the Debtor prays for an order in the form attached hereto,

    (1) granting it leave to use Bank of America's cash collateral in accordance with the attached budget and upon the adequate protection terms set forth herein effective immediately;

    (2) granting it such other and further relief as the Court deems fair and just.

                                    Respectfully submitted,
                                      Ebro Foods, Inc.

                          By:   /s/ Forrest L. Ingram
                                One of its attorneys

Forrest L. Ingram #3129032
Peter L. Berk #6274567
Patrick F. Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603-4907
(312) 759-2858