**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: August 4, 2009 9:30 A.M. |

**Order Authorizing the Debtor's Use of Cash Collateral and Granting Adequate Protection Pursuant to Sections 361 and 363 of the Bankruptcy Code**

This cause has come to be heard on the Debtor's Motion for Order Authorizing and Restricting Use of Cash Collateral (the "Motion"). Due notice having been given, the Court, having reviewed the Motion and the exhibits thereto, having conducted a preliminary hearing on the Motion as provided for under Section 363(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), having considered the evidence presented by the Debtor in support of the Motion and the arguments and statements of counsel at such hearing, having considered relevant matters in the above-captioned bankruptcy case, and being otherwise fully advised in the premises, finds as follows:

    A. Adequate and sufficient notice of the Motion has been provided to all persons entitled thereto.

    B. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

    C. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ l334 and 157.

    D. On March 24, 2009 (the "Petition Date"), Ebro Foods, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor has remained in possession of its assets and has

continued in operation and control of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

E.  In the Motion, the Debtor seeks authority to use the proceeds from the pre-petition sale of food products in the ordinary course of business and other Cash Collateral (as defined below) in which Bank of America ("Lender"), purports to hold a secured interest.  Pursuant to Section 363(c)(2) of the Bankruptcy Code, in addition to the equity cushion, the Debtor proposes to provide adequate protection to the Lender in the form of a $3,000.00 monthly payment payable on the first day of the month.

F.  The Debtor requires the use of the Cash Collateral (as defined below) in order to continue to operate.  Without the use of the Cash Collateral, the Debtor's estate may suffer irreparable harm in that the Debtor's business may diminish, and the Debtor may not be able to continue to serve its remaining customers and may not be able to reorganize. .

G.  It is in the best interests of the Debtor's estate and its creditors that the Debtor be allowed to use the Cash Collateral on the conditions set forth herein.

IT HEREBY IS ORDERED:

1.    As used herein, "Cash Collateral" shall mean all cash, negotiable instruments, securities, deposit accounts or other cash equivalents derived from the Pre-Petition Collateral, including income and the net proceeds from the normal course of business by Debtor.

2.    Subject to the terms and conditions of this Order, the Debtor is hereby authorized to use Cash Collateral, including accounts receivable, to pay on-going business expenses of the Debtor, including but not limited to salaries, wages, product costs, insurance, taxes, and professional fees, in accordance with the monthly Budget attached hereto as Exhibit A.

3. Additionally, Debtor is authorized to negotiate a reasonable repayment of post-petition obligations to Metropolitan Water Reclamation District of Greater and Environmental Services, Inc.

4. As part of the adequate protection for any unforeseen diminution in the value of Lender's interest in the Pre-Petition Collateral, pursuant to Sections 361 and 363 of the Bankruptcy Code, the Debtor is authorized and directed to pay to Lender, as adequate protection, the following payments:

    a. For post-petition usage of cash collateral prior to entry of this order, the Debtor will pay the Bank $3,000.00 upon the entry of this order. (the Bank has already received $9,728.27 in April, 2009 through setoff of Debtor's account).

    b. Thereafter, Debtor will pay the Bank $3,000.00 per month as adequate protection, payable by the first of the month.

    c. As further adequate protection, Debtor will give the Bank, as a replacement lien, a secured interest in post-petition accounts receivable to the full amount of the Bank's allowed secured claim as determined by the court, without waving any of Debtor's rights to challenge the validity, priority, enforceability, and/or extend of the claimed lien.

5. The Debtor's right to use the Cash Collateral under this Order shall cease and terminate immediately, and without further notice, upon the earliest of: (a) entry of an order converting this case under Chapter 7 of the Bankruptcy Code; (b) entry of an order dismissing or suspending this case; or (c) entry of an order in this case appointing a trustee under Section 1104 of the Bankruptcy Code.

6. The Debtor's right to use Cash Collateral under this Order shall also cease and terminate upon ten (10) business days' written notice, from Lender to the Debtor and those persons and entities who have requested notice in these proceedings, of the earliest to occur of the following: (a) the date upon which the Debtor's disbursements exceed or revenues are less than the amounts permitted under this Order; (b) the failure of the Debtor to make any payments to Lender when due under this Order; or (c) the failure of the Debtor to perform or comply with any other terms or covenants in this Order. After receipt of such notice, Debtor shall have ten (10) business days to cure the defect cited.

7. The rights and obligations of the Debtor and the rights and claims of Lender arising under this Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens and priorities existing as of the Petition Date.

8. Nothing in this Order shall in any way prejudice or compromise any rights or claims Lender may have in respect to parties other than the Debtor, nor the rights and claims the Debtor may have against any party, including the Lender.

9. The provisions of this Order shall be binding upon and inure to the benefit of Lender and the Debtor, and their respective successors in interest and assigns under applicable law.

10. This Order is immediately valid and fully effective upon its entry. The Court shall retain jurisdiction to resolve all disputes and controversies regarding the interpretation or implementation of this Order.

11. This Order shall be governed by, and construed in accordance with, the laws of the State of Illinois and the laws of the United States.

Dated:

BY THE COURT

                                                      _____
                                                      The Honorable Eugene Wedoff

Prepared by:
Forrest L. Ingram
Forrest L. Ingram, P.C.
Counsel for the Debtor
79 W. Monroe St., #900
Chicago, IL 60603
(312) 759-2838