IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC., | ) | Case No. 09 B 10101 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date and Time:** |
| | ) | **October 7, 2009 at 9:30 a.m.** |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, the 7th day of October, 2009, at the hour of 9:30 a.m.**, we shall appear before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge for the Northern District of Illinois, or any Judge sitting in his place and stead, in courtroom 744 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present Environmental Services, Inc.'s **MOTION FOR RELIEF FROM THE AUTOMATIC STAY,** a copy of which is attached hereto and hereby served upon you.

> HOWARD L. ADELMAN, ESQ. (ARDC #0015458)
> ERICH S. BUCK, ESQ. (ARDC #6274635)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Boulevard, Suite 1050
> Chicago, Illinois 60604
> (312) 435-1050

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Notice of Motion and the Motion referred to herein have been served upon the persons listed on the attached service list as indicated on the 30th day of September, 2009.

> /s/ Erich S. Buck
> Erich S. Buck

83711.1

## SERVICE LIST

**VIA ECF AND/OR FACSIMILE**

**U.S. Trustee**
William T. Neary, Esq.
Office of the United States Trustee
Region 11
Dirksen Federal Court House
219 South Dearborn Street, Suite 873
Chicago, IL 60604
Fax: 312-886-5794

**Counsel to the Debtor**
Forrest L. Ingram, Esq.
Kaveti Gautham, Esq.
Patrick Lambe, Esq.
Helena Milman, Esq.
79 W. Monroe Street
Suite 900
Chicago, IL 60603
fingram@fingrimlaw.com
kgautham@fingramlaw.com
plambe@fingramlaw.com
hmilman@fingramlaw.com

Peter L. Berk, Esq.
Law Offices of Peter L. Berk
79 West Monroe, Suite 900
Chicago, IL 60603
plberk@berklegal.com

Barry A. Chatz, Esq.
Arnstein & Lehr LLP
120 South Riverside Plaza, Ste. 1200
Chicago, IL 60606
bachatz@arnstein.com

Mary E. Gardner, Esq.
Mary E. Gardner, P.C.
P.O. Box 330
106 Thorobred Lane
Sleepy Hollow, IL 60118
mgardner@earthlink.net

Robert D. Nachman, Esq.
Morgan M. Smith, Esq.
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
rnachman@dykema.com
mmsmith@dykema.com

Patrick F. Ross, Esq.
Timothy E. Horton, Esq.
Ungaretti & Harris, LLP
3500 Three First National Plaza
Chicago, IL 60602
pfross@uhlaw.com
tehorton@uhlaw.com

Craig A. Stokes, Esq.
Stokes Law Offices LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
cstokes@stokeslawoffice.com

**VIA REGULAR U.S. MAIL**

**20 Largest Creditors**

Brandt Box & Papers Co., Inc.
400 Lexington Drive
Buffalo Grove, IL 60089

Burling Freemont, LLC
2850 S. Michigan Avenue
Chicago, IL 60605

CH Robinson Worldwide, Inc.
25 Northwest Point Boulevard
Elk Grove Village, IL 60007

City of Chicago Water Department
333 S. State Street
DePaul Center, Suite LL10
Chicago, IL 60602

Colgate Commodities
c/o Dean Nelson
HC 2 Box 17, 308 Front Avenue
Colgate, ND 58046

Crown Cork & Seal
c/o Gary Schearer
1440 Payshere Circle
Chicago, IL 60674

Environmental Services, Inc.
c/o Nicholas J. Malone
P.O. Box 385
Western Springs, IL 60558

G&G Peppers
P.O. Box 368
Frankton, IN 46044

Illinois Dept. Of Employment
P.O. Box 88294
Chicago, IL 60608-3412

Illinois Dept. Of Revenue
P.O. Box 88294
Chicago, IL 60608-1294

IRS
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Kelly Beans Co., Inc.
2407 Circle Drive
P.O. Box 2488
Scottsbluff, NE 69363

Maria & Ricardo Fernandez
1330 West 43rd Street
Chicago, IL 60609

People's Energy
130 E. Randolph Drive
Chicago, IL 60687-6207

Primary Staffing, Inc.
4247 S. Kedzie
Chicago, IL 60632

PW Montgomery, LLC
c/o Patrick King
5586 W. 19th Street, Suite 130
Greeley, CO 80634

Tobin, Munoz & Petkus
2 First National Plaza
Suite 1950
Chicago, IL 60602

Total Staffing Solutions
P.O. Box 5665
Naperville, IL 60567

UFCW Local 1546 Health
and Welfare Fund
1649 W. Adams Street
Chicago, IL 60612

Washington Mutual
c/o Morrist Oxford Management Services
Southgate, MI 48195

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC., | ) | Case No. 09 B 10101 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Honorable Eugene R. Wedoff |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Environmental Services, Inc. ("**ESI**"), by and through its attorneys, Adelman & Gettleman, Ltd., pursuant to Section 362(d)(1) of the Bankruptcy Code (the "**Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and moves for the entry of an order modifying the automatic stay and for other relief (the "**Motion**"), and respectfully states as follows:[1]

### VENUE AND JURSIDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### BACKGROUND

4. On or about April 15, 2005, ESI and Ebro Foods, Inc. (the "**Debtor**") entered into a Wastewater Treatment System Lease and Purchase Option Agreement (the "**Lease**"). A true and correct copy of the Lease is attached hereto as **Exhibit B**.

---

[1] The Required Statement to Accompany All Motions for Relief from Stay is attached hereto as **Exhibit A**.

5. Pursuant to the Lease, ESI designed, fabricated, installed and leased to the Debtor, with the option to purchase, a basic wastewater treatment system (the "**Equipment**") at the Debtor's manufacturing facility at 1330 W. 43rd Street, Chicago, Illinois (the "**Premises**").

6. Under the terms of the Lease, the Debtor was obligated to make monthly lease payments of $6,000 to ESI through May 2009. See Ex. B, Lease ¶ 2.

7. The Debtor failed to make the requisite payments under the Lease from and after August 15, 2007. The Debtor's failure to pay constituted an "Event of Default" under the Lease. See id. ¶ 10.

8. As a result of the Debtor's default, ESI exercised its right under the Lease to accelerate all amounts due and owing thereunder (the "**Outstanding Lease Amounts**"). See id. ¶ 11.

9. Moreover, in December 2008, ESI filed a complaint against the Debtor in the Circuit Court of Cook County Illinois for the Outstanding Lease Amounts.

10. Under the Lease, as the Debtor never exercised the purchase option thereunder, ownership and title to the Equipment and its components remained and remain vested in ESI. See Ex. B, Lease ¶ 1.

11. On March 24, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Code.

12. The Debtor acknowledged in Schedule F of its Bankruptcy Schedules that ESI has an undisputed, liquidated unsecured claim of $100,000 for arrearages under the Lease. See Bankruptcy Schedule F [Docket Entry No. 15].

82919　　　　　　　　　　　　　　　　　　　　2

13. Since the Petition Date, and by its own terms, the Lease expired in May 2009. See Ex. B, Lease ¶ 2; see also Bankruptcy Schedule G (representing that the Debtor has no executory contracts or unexpired leases) [Docket Entry No. 15].

14. Notwithstanding termination of the Lease, to date, the Debtor continues to enjoy unfettered use of the Equipment, despite no ongoing right to such use and no payments to ESI for the use thereof.

### REQUEST FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY

15. Pursuant to Section 362(d)(1) of the Code, the automatic stay should be modified to allow ESI to exercise its right under the Lease to repossess the Equipment. See Ex. B, Lease ¶ 11.

16. The stay should be modified under Section 362(d)(1) of the Code "for cause" because the Debtor has no interest in the Equipment and, even if it did, cannot adequately protect ESI's interest in the Equipment. See 11 U.S.C. § 362(d)(1).

17. The Bankruptcy Code does not specify what constitutes cause sufficient to justify terminating, annulling, modifying or conditioning an automatic stay and courts must determine whether sufficient cause exists on a case-by-case basis. See In re Fernstrom Storage and Van Co., 938 F.2d 731, 735 (7th Cir. 1991).

18. "[A] court may grant a party relief from the stay if it finds that the moving party's interest in the property can be better protected or for any other cause the court finds worthy." In re C&S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995). "The decision as to whether to lift the stay is committed to the discretion of the bankruptcy court." Id.

82919                                                3

19. The Debtor has no right to continued use of the Equipment, as the Lease terminated by the lapse of time and ESI has been at all times hereunder the owner of the Equipment.

20. As the Lease has expired by its own terms, and as the Debtor did not and cannot properly exercise the Lease's purchase option due to its default under the Lease, the Debtor does not retain any interest in the Equipment.[2]

21. For all of the foregoing reasons, the automatic stay therefore should be modified "for cause" under Section 362(d)(1) of the Code.

WHEREFORE, ESI requests the entry of an order, a proposed form of which is attached hereto, modifying the automatic stay to allow ESI to exercise its right under the Lease to remove its Equipment from the Debtor's Premises, and for such other and further relief as this Court deems just and appropriate.

Dated: September 30, 2009

Respectfully submitted,

ENVIRONMENTAL SERVICES, INC.

By: /s/ Erich S. Buck
One of Its Attorneys

Howard L. Adelman (ARDC No. 0015458)
Erich S. Buck (ARDC No. 6274635)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Telephone No. (312) 435-1050
Facsimile No. (312) 435-1059
hadelman@ag-ltd.com
ebuck@ag-ltd.com

---

[2] While ESI is amenable to entering into a sales agreement or new lease agreement for the Debtor's purchase or continued possession and use of the Equipment, the Debtor thus far has failed to make any good-faith effort to do so. Nor, for that matter, has the Debtor shown that it has the financial ability to either purchase or lease the Equipment.

82919                                                                                                      4