# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Wedoff |
| | ) | |
| Debtor. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: December 23, 2009 at 9:30am |
| | ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on December 23, 2009 at 9:30am., or as soon thereafter as I may be heard, I will appear before the Honorable Eugene Wedoff, or any other judge sitting in his stead, in Courtroom 744, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and there and then shall I seek relief and present the attached Debtor's Objection to Claim No. 22 filed by the United States Internal Revenue Service and motion for an immediate hearing thereon, copies of which are enclosed and are hereby served upon you.

/s/ Forrest L. Ingram
One of Debtor's attorneys

Forrest L. Ingram
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 1210
Chicago, IL 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Philip Groben, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached services list by electronic case filing, or by US Mail, as indicated on the list, on November 16, 2009.

/s/Philip Groben

## SERVICE LIST

**Via U.S. Mail:**
**Debtor**
Ebro Foods, Inc.
1330 W. 43rd St.
Chicago, IL 60609

**Internal Revenue Service**
PO Box 21126
Philadelphia, PA 19114

**Via CM/ECF:**
**US Trustee**
William T. Neary
Office of the United States Trustee
Northern District of Illinois
219 S. Dearborn St., Room 873
Chicago, IL 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Wedoff |
| | ) | |
| Debtor | ) | Case No. 09-10101 |
| and Debtor in Possession. | ) | |
| | ) | Hearing: December 23, 2009 at 9:30am |
| | ) | |

## DEBTOR'S OBJECTION TO CLAIM NO. 24 FILED BY THE UNITED STATES INTERNAL REVENUE SERVICE

NOW COMES the Debtor and Debtor in Possession, Ebro Foods, Inc. (the "Debtor"), by and through its attorneys, Forrest L. Ingram, and for its Objection to Claim No. 24, filed by the United States Internal Revenue Service, states as follows:

1. On March 24, 2009 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Court set the last day to file proofs of claims as June 24, 2009; with government proofs of claim due by September 24, 2009.

3. On July 9, 2009 the United States Internal Revenue Service (the "IRS") filed Proof of Claim 24, listing a secured claim in the amount of $450,257.45. The Proof of Claim also includes an unsecured subject to priority claim of $599,971.94 and an unsecured claim of $80,152.67. A copy of Claim 24 is attached as Exhibit A.

4. Prior to the IRS filing its proof of claim, the Bank of America (the "Bank") filed Proof of Claim 22 on June 6, 2009 listing a secured claim in the amount of $599,603.79. A copy of Claim 22 is attached as Exhibit B.

1

5. Both creditors assert a security interest in all property of the Debtor. The assets of the debtor do not have a liquidation value great enough to satisfy both secured creditors.

6. The Bank bases its claim upon a lending agreement entered into in 2005, with a financing agreement filed with the Illinois Secretary of State in December 2005. The IRS gave notice of its tax liens between January 10, 2008 and January 27, 2009.

7. The financing statement filed by the Bank may be misleading with respect to two pieces of information; the name and address of the secured party.

8. The purpose of Article 9 is to provide notice to would-be creditors that preexisting liens encumber assets. If correct information is not provided in financing statements, and if financing statements are not filed correctly with the secretary of state, then those statements are not effective against junior lien holders who properly perfect.

9. A determination must be made as to which party, the Bank or the IRS, has the senior lien on Debtor's personal property; then a determination must be made as to the extent and validity of both the Bank's and IRS's liens because the assets of the debtor are not valuable enough to fully secure either lien. A proceeding under Bankruptcy Rule 7001(2) will would resolve these issues.

**WHEREFORE**, the Debtor prays for an order disallowing the secured portion of Claim No. 24 filed by the United States Internal Revenue Service, and for such other and further relief as is just.

> Respectfully submitted,
> Ebro Foods, Inc.
>
> By:   /s/ Forrest L. Ingram
>         One of its attorneys

Forrest L. Ingram
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

2