# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: January 27, 2010 at 9:30 a.m |

### AMENDED APPLICATION FOR INTERIM COMPENSATION
### FOR PROFESSIONAL SERVICES AND FOR REIMBURSEMENT OF EXPENSES OF
### CLIFTON GUNDERSON, LLP

CLIFTON GUNDERSON, LLP, ("Applicant") though its attorneys, duly appointed counsel for Debtor and Debtor in Possession Ebro Foods, Inc. (the "Debtor"), hereby makes its first application for interim compensation ("this Application") pursuant to Section 331 of the United States Bankruptcy Code and Rule 2016 and Local Rule 607 and requests that this Honorable Court enter an order allowing compensation for accounting services rendered and reimbursement of expenses incurred from September 1, 2009 through December 31, 2009. In support of this Application, Applicant states as follows:

1. On March 24, 2009, Debtors' entered its petition for relief under Chapter 11, Case No. 09-10101.

2. On September 16, 2009, Debtor entered into an engagement agreement with the Applicant to provide accounting services for the Debtor during its Chapter 11 case.

3. On October 1, 2009, the Court entered an order in this case allowing employment of Applicant as Debtors' accountant, retroactive to March 24, 2009. A copy of the order is attached hereto as **Exhibit A**.

1

4. Applicant has performed numerous accountancy services for Debtors thus far in this case. The times and chronology of the Applicant's services rendered in the above-entitled proceedings for the period from September 1, 2009 through December 31, 2009, are scheduled in detail to the tenth of an hour in **Exhibit B,** attached hereto.  A copy of Exhibit B has been sent to the Debtors with a request for review of the details, and for objections, if any.  The Debtors have not objected to any items listed, to any of the services rendered, nor to any of the fees requested.

5. Applicant's billing detail, arranged *by accountants*, is attached hereto in **Exhibit B**.

6. All services for which compensation is requested were in connection with these bankruptcy proceedings.  All services performed after the commencement of the above-entitled proceedings were in connection with the performance of duties of the Debtor and Debtor in Possession as prescribed by the Bankruptcy Code or pursuant to orders of this Court.

7. Applicant requests the allowance of payment of compensation for accounting services and costs during the period September 1, 2009 through December 31, 2009 in the sum of **$6,063.50**. Applicant requests the entry of the order in less than four months because Applicant is a small firm requiring the shorter interval.

8. The services rendered by Applicant were directly related and necessary for the administration of the Chapter 11 case, including but not limited to preparation of federal and state income tax returns, and supporting schedules.

11. HOURS OF SERVICES SORTED BY ACCOUNTANTS AND ADMINISTRATIVE PERSONNEL–The accountants and other personal of the Applicant provided a total of approximately 28.15 hours of service, broken down by attorney, as indicated on **Exhibit B**, as follows:

  **a. Partner James Beien** provided approximately 10.1 hours of service at $300 per hour, focusing on reviewing all accounting work and tax returns during the applicable time period.

  **b.  Staff Laurenne Arnold** provided approximately 17.5 hours of service at $170 per hour, focusing on State and Federal quarterly accounting and preparing tax returns for the Debtor.

  **c.  Staff Rachel Clay** provided approximately .5 hours of service at $100 per hour, including drafting tax preparations and service agreements.

 12.  Applicant's customary fee includes actual compensation for time and services, fixed overhead, salaries, and non-allocatable costs.

 13.  Applicant has also incurred expenses in providing services to Debtors.  Such expenses are limited to postage and necessary driving costs, as set forth in **Exhibit B**, attached hereto.  For such costs, Applicant seeks reimbursement in the sum of **$19.69.**

 15.  This Application and a Notice of Hearing on the First Application has been sent to the Debtor, to the U.S. Trustee, and to parties entitled to notice.  A Notice for Hearing on this application has likewise been sent to all other creditors and parties of interest, along with a summary of all services provided by Debtors' counsel to the Debtors.  A certificate of service for the Notice has been filed with the Clerk of the Court.

 16.  This Court has jurisdiction over the subject matter pursuant to 28 U.S.C § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

  **WHEREFORE**, Applicant respectfully requests that the Court conduct an appropriate hearing on Counsel's application and allow a reasonable fee to Debtors' Counsel in the sum of $6,063.50 for services for the period September 1, 2009  through December 31, 2009, plus

expenses of $19.69; for a total amount of $6083.19. Applicant asks for such other relief as may be appropriate.

                                                  Respectfully submitted,

                                                  FORREST L. INGRAM, P.C.

                                                  /s/ Forrest L. Ingram
                                                  Attorney for Debtor

Forrest L. Ingram, #3129032
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603
(312) 759-2838
(312) 759-0298 fax