UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EBRO FOODS, INC. | ) Case No. 09-10101 |
| | ) |
| Debtor and Debtor in Possession. | ) Hon. Eugene R. Wedoff |

PLAINTIFF'S OBJECTION TO DEFENDANT'S POST-DEADLINE
MOTION FOR LEAVE TO FILE LATE OBJECTION

Harvest Food Group, Inc. (the "Claimant"), hereby objects to the post-deadline motion (the "Motion for Leave") of Ebro Foods, Inc. (the "Debtor") for Leave to File their Objection to the Claimant's fee application. In support of this objection to the Debtor's Motion, Claimant states as follows:

1.      While the Debtor's post-deadline motion at least mentioned the applicable rule, it failed to cite the differing standards under FRBP 9006, much less make any showing of having satisfied the much more stringent requirements for a motion first presented *after* the deadline has passed.

2.      There is no question this Honorable Court set the deadline for any opposition to the Claimant's Fee Application at January 26, 2010. In fact, when the Debtor requested 14 days to review the bills and file its opposition, this Honorable Court replied "I don't think you need that much time, but I will give it to you just in case." Thus, all parties were well aware of the fact the January 26, 2010 deadline was already a longer deadline than this Honorable Court had hoped would be necessary.

3.      The rule which governs this situation is Federal Rule of Bankruptcy Procedure 9006.

1

where it states as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

U.S.C.S. Bankruptcy R. 9006(b)(1) (emphasis added).

4. The Debtor did not request any extension of time until January 27, 2010 *after* the deadline had passed. See D.E. #164 (Debtor's Motion for Leave). As a result, the Debtor is not just obligated to "show cause" under FRBP 9006, the Debtor is obligated to satisfy the more stringent standard of demonstrating its failure to file the opposition before the "expiration of the specified period... was the result of excusable neglect." Id.

5. The Debtor's Motion for Leave failed to even mention the four (4) elements of the proper legal standard of "excusable neglect" which are as follows:

> [1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.

In re Kmart Corp., 381 F.3d 709, 713 (7th Cir. 2004) citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

6. Not only did the Debtor fail to make a showing of excusable neglect, the facts of this case make it apparent the Debtor simply could not satisfy its burden under this proper legal standard. As such, each element will be addressed in order:

    a) <u>Danger of Prejudice</u> - this Honorable Court is well aware of how long the Claimant

has already waited for a resolution of its PACA claim over all the Debtor's objections and recalcitrance. This Honorable Court has already expressed its displeasure with the Debtor's delays in this case and this claim, all of which have simply caused the bills to run up much higher than they would have been if the Debtor had acted promptly at any step in this case.

b) <u>Length of Delay & Potential Impact</u> - Due to this Honorable Court's agreement to give the Debtor 14 days to file their opposition, this matter needed to be pushed into another monthly billing cycle as it was. If this Honorable Court grants the Debtor's Motion, we are only incurring more delays and more fees and costs which will come ahead of all the unsecured creditors because of the PACA priority. Accordingly, any further delays due to Debtor's failure to timely act will require another billing cycle and only further reduce any funds available for the subordinate creditors in this case.

c) <u>Reason for the Delay</u> - This is, by far, the most problematic element for the Debtor. The Debtor here had 14 days to file its opposition. By its own admission, one of the five attorneys in the office of Debtor's Counsel was out sick for 2 of the 14 days this Honorable Court allowed. <u>See</u> Pending Motion (D.E. #164) at ¶ 3. Five (5) different lawyers in the office of the Debtor's Counsel have appearances on file in this case, but the sick attorney is the only one capable of looking at 3 billing statements and preparing an objection? Even worse, if the firm knew this crucial attorney was out sick on January 25, why didn't they file a motion for extension at that time, one (1) day ***before*** the deadline or even a day later on deadline date? Why wait until ***after*** the deadline to even ask for more time? It certainly was not because there was any

reason to believe a settlement would come to fruition in this case as that has been a complete and utter waste of time in this case with such a recalcitrant Debtor. Suffice it to say, the Debtor cannot satisfy its burden under this required element of the excusable neglect standard.

d) <u>Acted in Good Faith</u> - This is a fairly subjective standard and prone to lots of emotion so the Claimant would prefer not to editorialize here. The Debtor's lack of any ability to satisfy the foregoing elements should be enough to deny the pending Motion for Leave without much more here.

7. The fees and costs in this case are where they are because of conduct like this. The Debtor has repeatedly failed to do anything other than deny, delay and not pay. This harkens back to the Debtor's Motion to Amend the partial judgment that failed to even cite the proper standard for such a motion. For if Debtor's Counsel had bothered to at least cite the applicable law, Federal Rule 59(e), they would have discovered the Debtor had no chance of satisfying its burden of proof. That futile exercise only created unnecessary additional fees and costs for both Claimant's Counsel and Debtor's Counsel. Unfortunately, this estate gets to bear the burden of both.

8. This is yet another example of that pleading standard. After failing to even cite the applicable legal standard, the Debtor clearly failed to satisfy its burden to show its inaction prior to the deadline was the result of excusable neglect *as required*. Accordingly, this Honorable Court should deny the Debtor's Motion.

**FOR THESE REASONS**, the Claimant respectfully requests that this Honorable Court deny Debtor's Post-Deadline Motion for Leave to File its Objection and rule on the Claimant's fee application without further delays, and for such other and further relief as this Honorable Court deems appropriate upon review of this matter.

Date:  January 28, 2010

                                          Respectfully submitted,

                                          HARVEST FOOD GROUP, INC.

                                          By: /s/ Mark A. Bulgarelli, Esq.
                                              One of Its Attorneys

                                          Michael J. Keaton, Esq.
                                          Mark A. Bulgarelli, Esq.
                                          KEATON & ASSOCIATES, P.C.
                                          1278 W. Northwest Hwy., Suite 903
                                          Palatine, Illinois 60067
                                          Tel: 847/934-6500
                                          keaton@pacatrust.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served a copy of the foregoing electronically to all parties on the above-captioned matter through the ECF system at the electronic address on file with the Clerk's Office or by depositing same in the U.S. Mail, postage pre-paid and properly addressed on this day, January 28, 2010.

                                          By:  /s/ Mark A. Bulgarelli, Esq.