# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC., | ) | Case No. 09 B 10101 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: March 9, 2010** |
| | ) | **at 9:30 a.m.** |

**NOTICE OF SILGAN EQUIPMENT COMPANY'S MOTION
TO COMPEL THE DEBTOR TO ASSUME OR REJECT THE
UNEXPIRED EQUIPMENT LEASE, TO COMPEL THE DEBTOR TO
TIMELY PERFORM ALL ITS OBLIGATIONS UNDER THE LEASE
AGREEMENT, FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE, OR,
IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

PLEASE TAKE NOTICE that on March 9, 2010, at 9:30 a.m., I shall appear before the Honorable Eugene R. Wedoff, or any other judge sitting in his stead, in Room 744, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on **Silgan Equipment Company's Motion to Compel the Debtor to Assume or Reject the Unexpired Equipment Lease, to Compel the Debtor to Timely Perform All its Obligations Under the Lease Agreement, for Payment of an Administrative Expense, or, in the Alternative, for Relief from the Automatic Stay**, a copy of which is attached hereto and hereby served upon you.

                                              s/ Douglas M. Chalmers

                                      Douglas M. Chalmers
                                      DOUGLAS M. CHALMERS, P.C.
                                      77 West Wacker Drive
                                      The Chambers, Suite 4800
                                      Chicago, Illinois  60601
                                      Telephone:  312-606-8700
                                      Facsimile:   312-444-1028
                                      ARDC # 6200986

## CERTIFICATE OF SERVICE

     Douglas Chalmers, an attorney, hereby certifies that on March 1, 2010, I caused a true and correct copy of Silgan Equipment Company's Motion to Compel the Debtor to Assume or Reject the Unexpired Equipment Lease, to Compel the Debtor to Timely Perform All its Obligations Under the Lease Agreement, for Payment of an Administrative Expense, or, in the Alternative, for Relief from the Automatic Stay to be served on the parties on the attached service list via the Court's CM/ECF system or via U.S. Mail, postage prepaid, as indicated therein.

                                                               /s/ Douglas Chalmers

## SERVICE LIST

### IN RE:
### EBRO FOODS, INC.,
Debtor.

### Case No. 09 B 10101

| **VIA CM/ECF** | |
|---|---|
| William T. Neary<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604<br>USTPRegion11.ES.ECF@usdoj.gov | Bank of America<br>Dykema Gossett PLLC<br>c/o Robert Nachman<br>10 S Wacker Dr., Ste 2100<br>Chicago, IL 60606 |
| U.S. Internal Revenue Service<br>Centralized Insolvency Operations<br>Post Office Box 21126<br>Philadelphia, PA 19114-0326 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 |
| Colgate Commodities<br>c/o Dean Nelson<br>HC 2 Box 17, 308 Front Avenue<br>Colgate, ND 58046 | Silgan Equipment Company<br>1140 31st Street<br>Downers Grove, IL 60515 |
| Harvest Foods Group Inc<br>Mark A Bulgarelli Keaton & Assoc PC<br>1278 W Northwest Hwy, Ste 903<br>Palatine, IL 60067 | Kelley Bean Co., Inc.<br>c/o Patrick F. Ross - Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, IL 60602 |
| City of Chicago Water Dept.<br>333 S. State Street Chicago<br>DePaul Center, Suite LL10<br>Chicago, IL 60602 | Metropolitan Water Reclamation District<br>c/o Barry Chatz - Arnstein & Lehr LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606 |
| **VIA U.S. MAIL** | |
| *The Debtor* | |
| Dan Duffy<br>c/o Ebro Foods<br>1330 W. 43rd St.<br>Chicago, IL 60609 | |
| *Creditors Holding 20 Largest Unsecured Claims (not otherwise served by ECF)* | |
| Brandt Box & Papers Co., Inc.<br>400 Lexington Dr.<br>Buffalo Grove, IL 60089 | Burling Freemont, LLC<br>2850 S. Michigan Ave.<br>Chicago, IL 60605 |
| CH Robinson Worldwide, Inc.<br>25 Northwest Point Blvd.<br>Elk Grove Village, IL 60007 | Crown Cork & Seal<br>c/o Gary Schearer<br>1440 Payshere Circle<br>Chicago, IL 60674 |

| | |
|---|---|
| Environmental Services, Inc.<br>c/o Nicholas J. Malone<br>PO Box 385<br>Western Springs, IL 60558 | G&G Peppers<br>PO Box 368<br>Frankton, IN 46044 |
| Illinois Dept. of Employment<br>PO Box 88294<br>Chicago, IL 60608-3412 | Kelley Beans Co., Inc.<br>2407 Circle Drive<br>PO Box 2488<br>Scottsbluff, NE 69363 |
| Maria & Ricardo Fernandez<br>c/o Ebro Foods<br>1330 West 43rd Street<br>Chicago, IL 60609 | People's Energy<br>130 E. Randolph Dr.<br>Chicago, IL 60687-6207 |
| Primary Staffing, Inc.<br>4247 S. Kedzie<br>Chicago, IL 60632 | PW Montgomery, LLC<br>c/o Patrick King<br>5586 W. 19th Street, Ste. 130<br>Greeley, CO 80634 |
| Tobin, Munoz, & Petkus<br>3 First National Plaza<br>Ste. 1950<br>Chicago, IL 60602 | Total Staffing Solutions<br>PO Box 5665<br>Naperville, IL 60567 |
| UFCW Local 1546 Health and Welfare Fund<br>1649 W. Adams Street<br>Chicago, IL 60612 | Washington Mutual<br>c/o Morrist Oxford Mngt Services<br>Southgate, MI 48195 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC., | ) | Case No. 09 B 10101 |
| | ) | |
| Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date: March 9, 2010** |
| | ) | **at 9:30 a.m.** |

**SILGAN EQUIPMENT COMPANY'S MOTION TO COMPEL
THE DEBTOR TO ASSUME OR REJECT THE UNEXPIRED EQUIPMENT
LEASE, TO COMPEL THE DEBTOR TO TIMELY PERFORM ALL ITS
OBLIGATIONS UNDER THE LEASE AGREEMENT, FOR PAYMENT OF AN
ADMINISTRATIVE EXPENSE, OR, IN THE ALTERNATIVE, FOR
<u>RELIEF FROM THE AUTOMATIC STAY</u>**

Silgan Equipment Company ("Silgan"), the lessor of certain equipment to the Debtor, Ebro Foods, Inc., moves pursuant to sections 365(d)(2) & (5), 362(d), and 503(b)(1)(A) of the Bankruptcy Code to compel the Debtor to assume or reject the parties' unexpired lease within seven days, to compel the Debtor to timely perform all of its obligations under the lease agreement, for payment of an administrative expense, or in the alternative, for relief from the automatic stay, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (G), and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 365(d)(2) & (5), 362(d)(1), 363(e), and 503(b)(1)(A).

## BACKGROUND

3. On March 24, 2009 (the "Petition Date"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property as Debtor in Possession.

4. No trustee has been appointed and no creditors' committee has been formed in this case.

**The Lease Agreement**

5. Silgan, as lessor, and the Debtor, as lessee, are parties to an unexpired equipment lease, attached as **Exhibit A** hereto (the "Lease"). The Lease includes the following equipment (collectively referred to as the "Leased Equipment"):

| Machine | Serial Number |
| --- | --- |
| Sealing Mach. – Standard | VE1270LJG |
| Sealing Mach. – Standard | VE1204LJG |
| 6R17D Hopper | 6R17D-1552 |
| 6R17D Hopper | 6R17D-1111 |
| 51R9A DUD Detector | 51R9A-0936 |
| 51R9A DUD Detector | 51R9A-0997 |
| Sealing Mach CP | 53-89RTS CP |
| Sealing Mach CP | 77RTO MCP |
| Hopper C.P. | 27-30DTOCP |

6. The Lease requires an annual payment of $14,025.00 plus $1,122.00 lease tax, due at the beginning of each lease period. (Lease ¶¶ 1 and 11).

7. At expiration of the lease period, the Lease renews for an additional year unless either party gives written notice of termination thirty (30) days prior to the expiration date. (Lease ¶ 11).

2

**Pre-Petition Defaults**

8.  For the lease period of August 30, 2008 through August 29, 2009, the Debtor requested to be allowed to make the annual payment in six equal installments. Silgan agreed, and sent the Debtor six invoices for $2,337.50 plus $187.00 tax.

9.  The Debtor paid the first of these six invoices, and then failed to make any subsequent payments. Silgan's filed proof of claim, including these unpaid invoices, is attached as **Exhibit B**.

10. On October 19, 2008, the Debtor defaulted under the terms of the Lease by failing to make the second monthly payment of $2,524.50. As of the Petition Date, the Debtor owed Silgan $12,622.50.

**Post-Petition Defaults**

11. The Debtor failed to include Silgan on its schedules, or to give Silgan notice of its bankruptcy.

12. On or around the end of June, 2009, Silgan became aware of the Debtor's bankruptcy. On July 6, 2009, Silgan filed a proof of claim for its pre-petition claim in the amount of $12,622.50. See **Exhibit B**.

13. The sixtieth day after the Petition Date fell on May 23, 2009. The Debtor has not made any payments under the Lease to Silgan since that date.

14. The Debtor did not terminate the Lease by written notice thirty days before the Lease expiration date of August 29, 2009. Thus, the Lease automatically renewed on that date.

3

15. Under the Lease, on August 30, 2009, the Debtor was obligated to pay Silgan the annual rent of $14,025.00 plus $1,122.00 tax. The Debtor failed to make this payment.

16. Silgan's counsel spoke with Debtor's counsel three or more times since Silgan became aware of the Debtor's bankruptcy, requesting 365(d)(5) payment according to the Lease terms. Silgan also sent Debtor's counsel a new invoice for the Post-Petition rental period. The invoice is attached as **Exhibit C**.

17. The Debtor has neither assumed nor rejected the Lease.

**The Debtor's Use of Cash Collateral**

18. At the hearing on the Debtor's use of cash collateral on January 27, 2010, this Court expressed grave concern over the Debtor's unauthorized use of cash collateral. Subsequently, on February 2, 2010, the U.S. Trustee moved to convert or dismiss this Chapter 11 case due to the Debtor's unauthorized use of cash collateral. The hearing on the Trustee's motion is set for March 9, 2010.

**RELIEF REQUESTED**

19. Given the Debtor's failure to make any payments under the Lease, and the Court's and U.S. Trustee's concern over the Debtor's use of cash collateral, Silgan should be granted immediate relief under 11 U.S.C. §§ 365(d)(2), 365(d)(5), 503(b)(1)(A), or 362(d)(1).

**Relief Under 11 U.S.C. § 365(d)(2)**

20. To date, despite the fact that this case has been pending for almost a year, the Debtor has neither assumed nor rejected the Lease. Nor, as discussed below, has the Debtor complied with 11 U.S.C. § 365(d)(5) by honoring its Lease obligations.

21. Pursuant to 11 U.S.C. § 365(d)(2), a debtor may assume or reject an unexpired lease at any time before the confirmation of a plan. However, upon request of a party to a lease, the Court may order the Debtor to determine within a specified period of time whether it will assume or reject. *Id*. Silgan hereby respectfully requests that the Court order the Debtor to assume or reject the Lease within seven (7) days of the hearing date of this motion.

22. The statute itself contains no guidelines for determining whether and when a deadline for election should be set. According to Collier on Bankruptcy, "the settled rule . . . is that the trustee or debtor in possession has a reasonable time within which to decide." 3 Collier on Bankruptcy, 365.04[2][b] at 365-30. However, "[i]n making this determination, the court does not abuse its discretion by considering the interests of the nondebtor party pending the debtor's decision to assume or reject." *In re Kmart Corp.*, 290 B.R. 614, 619 (Bankr. N.D. Ill. 2003) (*citing In re Whitcomb & Keller Mortg. Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983)).

23. Here, the Debtor has had months to determine whether the Leased Equipment is necessary for its reorganization. This case is not a mega-case requiring sophisticated analysis of hundreds of leases. Either the Debtor intends to continue

5

business producing products that need caps—which the Leased Equipment provides—or it doesn't.

24. While the Debtor has been sitting on this decision, it has refused to honor its obligations under the Lease. Additionally, the Debtor's use of cash collateral is in question, and the Trustee has sought to convert or dismiss the case. The sum of these circumstances creates great risk for Silgan that the Debtor will be unable to satisfy any of the administrative expenses it owes Silgan. Forcing the Debtor to elect to either assume or reject the Lease expeditiously is thus both reasonable and just in the circumstances.

25. Thus, Silgan respectfully requests that the Court order the Debtor to elect to assume or reject the Lease within seven days of the hearing date of this motion.

## Relief Under 11 U.S.C. § 365(d)(5)

26. Under 11 U.S.C. § 365(d)(5), the Debtor must timely perform all of its obligations under an unexpired lease of personal property, arising from or after 60 days after the order for relief, until such lease is assumed or rejected.

27. Section 365(d)(5) "evinces Congress's intention to provide special protection to personal property lessors . . . ." *In re Hayes Lemmerz Inter., Inc.*, 340 B.R. 461, 472 (Bankr. D. Del. 2006) (construing section 365(d)(10), which was redesignated 365(d)(5)). Thus, Lessors claiming under section 365(d)(5) need not prove that they conferred any benefit upon the estate. *Id.* And, the debtor is required to "pay all sums and perform all obligations due under the lease without necessitating any action of the

6

lessor." *Id*. The provision "should be given a strict, literal interpretation." *In re Central Illinois Energy, L.L.C.*, 2008 WL 5083134, *2 (Bankr. C.D. Ill. 2008) (*citing HA-LO Industries, Inc. v. CenterPoint Properties Trust*, 342 F.3d 794 (7th Cir. 2003) (construing the companion provision pertaining to real property leases at section 365(d)(3)).

28.   Here, the amount of $15,147.00—$14,025.00 in rent plus $1,122.00 in tax—is due and owing under the Lease for the post-petition lease period beginning August 30, 2009. This amount became due in full on August 30, 2009, more than sixty days after the order for relief was entered.

29.   For the lease period from May 23, 2009 (60 days after the order for relief was entered) to August 29, 2009, the Debtor owes Silgan a prorated payment under the Lease, including tax, of $4,071.75.

30.   Also, due to the Debtor's refusal to honor its obligations under section 365(d)(5), Silgan has been forced to incur legal fees and expenses. Under ¶ 5 of the Lease, the Debtor must indemnify Silgan "against any and all claims, liability and costs, including reasonable attorneys' fees, arising out of any failure to perform its obligations under this Lease." Thus, Silgan is entitled to payment of these fees and expenses under section 365(d)(5) as well. *See In re Lakeshore Construction Co. of Wolfeboro, Inc.*, 390 B.R. 751, 759 (Bankr. D.N.H. 2008) ("If a debtor fails to perform the primary obligation under a personal property lease (i.e. pay the lease payment) and a creditor incurs legal fees seeking to obtain payment, such attorney's fees may be

entitled to the same administrative priority as the rent obligation if such liability arises under the terms of the personal property lease.")

31. Finally, the Debtor should be ordered to honor all its non-monetary obligations under the Lease, including, but not limited to, the following Lease terms:

> ¶3. Lessee shall (a) keep the Equipment at lessee's expense at all times in safe and good operating condition and maintain and perform all repairs to the Equipment and keep the Equipment in compliance with all applicable standard of Lessor, laws and insurance policies; (b) pay for all crating, transportation and shipping costs for original shipment to Lessee and whenever Equipment is returned to Lessor; (c) return the Equipment to Lessor in the same condition as received from Lessor normal wear and tear excepted, within thirty (30) days after expiration or termination of this Lease; (d) pay all taxes (other than tax on income to Lessor) and charges levied which in any way relate to the Equipment; (e) satisfy promptly all liens against the Equipment other than liens created by Lessor; (f) provide all risk insurance for the replacement value of any Equipment while in Lessee's possession or in transit between its plan and Lessor's receiving point, which insurance shall name Lessor as an additional named insured and be in such form as Lessor may require.

> ¶4. Lessee shall not (a) permit anyone other than competent employees engaged in the regular course of its business to use the Equipment; (b) permit anyone other than competent employees or agents to repair, maintain and overhaul the Equipment; (c) remove the Equipment from the designated plant; (d) sublet, assign, mortgage, encumber or otherwise dispose of any Equipment or party thereof; (e) remove, alter or deface any Equipment number or inscription or permit the same; (f) operate the Equipment in violation of any law, regulation or order; or (g) add to, subtract from, change or alter any mechanism on any Equipment or permit the same, except as required by this Lease. The Equipment shall at all time remain personal property of Lessor or its affiliates as the case may be.

32. Thus, Silgan requests that the Debtor be ordered to immediately pay it $19,218.75 in Lease payments, including tax, and attorneys' fees and costs (in an

8

amount to be determined), and to honor all its non-monetary obligations under the Lease.

## Relief Under 11 U.S.C. § 503(b)(1)

33. In the event that the Debtor chooses to assume the Lease, Silgan is entitled to payment in full of all pre- and post-petition amounts due and owing. See 11 U.S.C. § 365(b)(1). However, if the Debtor chooses to reject the Lease—in addition to amounts owed under 11 U.S.C. § 365(d)(5) described above—Silgan requests that this Court allow an administrative claim pursuant to 11 U.S.C. § 503(b)(1) for the reasonable rental value of the Debtor's use of the Leased Equipment during the first sixty days of the case.

34. Section 503(b)(1) provides that: "there shall be allowed administrative expenses, other than claims allowed under section 501(f) of this title, including (A) the actual, necessary costs and expenses of preserving the estate . . . ."

35. As the Leased Equipment caps the Debtor's food products, the Debtor cannot produce items for sale without using the Leased Equipment. Upon information and belief, the Debtor has been using the Leased Equipment throughout its bankruptcy case. The rental of the Leased Equipment is thus an actual and necessary post-petition cost of preserving the estate, and payment under the Lease qualifies as an administrative expense. *See In re Garden Ridge Corp.*, 323 B.R. 136, 142 (Bankr. D. Del. 2005).

36. Thus, if the Debtor rejects the Lease, then—in addition to the amounts requested under 11 U.S.C. § 365(d)(5) above—Silgan requests payment of $2,524.50 as

9

an administrative expense. The amount represents the rental rate under the Lease, including tax, prorated for the first 60 days of the case, which is a reasonable rental value for the Leased Equipment for that period.

### In the Alternative, Relief Under 11 U.S.C. § 362(d)(1)

37. In the event that the Debtor either rejects the Lease or fails to perform all Lease obligations under section 365(d)(5), then Silgan should be granted relief from the automatic stay to take possession of the Leased Equipment.

38. Section 362(d) of the Bankruptcy Code provides, in pertinent part, that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

39. If the Court declines to order the Debtor to perform all Lease obligations under section 365(d)(5), or if the Debtor is unable to do so, then the stay must be lifted as Silgan lacks adequate protection of its interests.

40. Lessors of personal property are expressly entitled to adequate protection under 11 U.S.C. § 363(e). The Debtor is continuously using the Leased Equipment without any payment, causing wear and tear and depreciation on the Leased Equipment. As a result of the Debtor's failure to make both pre and post-petition payments due under the Lease, Silgan is not adequately protected and thus cause exists to lift the stay.

41. Silgan also requests that the ten-day stay period under Bankruptcy Rule 4001(a)(3) be waived. The Required Statement to Accompany All Motions for Relief from Stay is attached hereto.

42. Four proposed orders for the various relief requested are also attached hereto.

43. Notice of this motion has been given to: (a) counsel for the Debtor; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) parties included on the Debtor's list of 20 largest creditors; and (d) parties requesting notice.

WHEREFORE, Silgan Equipment Company respectfully requests that the Court enter Orders as follows:

(i) Directing the Debtor to assume or reject the Lease Agreements within seven (7) days of the hearing date of this motion, or any such period of time as the Court may deem reasonable;

(ii) Allowing and compelling immediate payment of an administrative claim under section 365(d)(5) for all unpaid Lease payments arising from 60 days after the order for relief was entered, plus attorneys fees and costs; and

(iii) Allowing and compelling immediate payment of an administrative claim under section 503(b)(1) for the reasonable rental value of the Leased Equipment during the first sixty days of the case; or

(iv) In the alternative, granting Silgan relief from the automatic stay to proceed in recovering the Leased Equipment; and

(v) Granting such other and further relief as this Court deems just and proper.

11

Respectfully submitted,

SILGAN EQUIPMENT CO.,


By: s/ Douglas M. Chalmers
    Its Attorney

Douglas M. Chalmers
DOUGLAS M. CHALMERS, P.C.
77 West Wacker Drive
The Chambers, Suite 4800
Chicago, Illinois 60601
Telephone: 312-606-8700
Facsimile: 312-444-1028
ARDC # 6200986

12