# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene R. Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: April 6, 2010 at 9:30 a.m. |

## AMENDED NOTICE OF MOTION

To:   See attached service list

PLEASE TAKE NOTICE that I will appear on April 6, 2010 at 9:30 a.m. before the Honorable Eugene R. Wedoff, or any other Judge sitting in his stead, in Courtroom 744, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL, and will then and there present the Third Application for Interim Compensation for Professional Services and for Reimbursement of Expenses of Forrest L. Ingram, P.C., attorneys for the Debtor and Debtor in Possession, and request entry of orders in accordance with these applications. AT WHICH TIME AND PLACE YOU MAY APPEAR AND BE HEARD.

/s/ Forrest L. Ingram
One of Debtor's attorneys

Forrest L. Ingram, P.C.
Forrest L. Ingram #3129032
Peter L. Berk
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

## CERTIFICATE OF SERVICE

I, Bradley P. Opfermann, an attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document to which it refers, on all parties receiving service via U.S. mail, as set forth on the attached service list, at or before 5:00 p.m. on March 15, 2010. However, due to a clerical error, the incorrect documents were filed with the court on March 15, 2010. I certify that I gave correct notice to all ECF parties, and caused the correct documents to be filed, on March 18, 2010.

/s/ Bradley P. Opfermann

## SERVICE LIST

**VIA CM/ECF**

William T. Neary
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Erich S. Buck
Adelman & Gettleman, Ltd.
53 W. Jackson Blvd., Suite 1050
Chicago, IL 60604

Robert D Nachman
Dykema Gossett PLLC
10 S. Wacker Dr. Suite 2300
Chicago, IL 60606

Mary E. Gardner
Mary E. Gardner P.C.
106 Thorobred lane
Sleepy Hollow, IL 60118

Craig A. Stokes
Stokes Law Office LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218

Patrick F. Ross
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, IL 60602

Gorica B. Djuraskovic
IRS Office of the Chief Counsel
200 West Adams
Chicago, IL 60606

Michael Keaton
Keaton & Associates, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, IL 60067

Barry A. Chatz
Arnstein & Lehr LLP
120 South Riverside Plaza Ste 1200
Chicago, IL 60606

**VIA FACSIMILE**

EBRO Foods, Inc.
1330 W. 43rd Street
Chicago, IL 60609
(773) 696-0151

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC. | ) | Judge Eugene R. Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10101 |
| | ) | |
| | ) | Hearing: April 6, 2010 at 9:30 a.m. |

**AMENDED THIRD APPLICATION FOR INTERIM COMPENSATION
FOR PROFESSIONAL SERVICES AND FOR REIMBURSEMENT OF EXPENSES OF
FORREST L. INGRAM, P.C.**

FORREST L. INGRAM, P.C. ("Applicant") on behalf of its attorneys, duly appointed counsel for Debtor and Debtor in Possession Ebro Foods, Inc. (the "Debtor"), hereby makes its third application for interim compensation ("this Application") pursuant to Section 331 of the United States Bankruptcy Code and Rule 2016 and Local Rule 607 and requests that this Honorable Court enter an order allowing compensation for legal services rendered and reimbursement of expenses incurred from October 1, 2009 through February 28, 2010. In support of this Application, Applicant states as follows:

1. On March 18, 2009, Debtor entered into an engagement agreement with Applicant for a Chapter 11 case.

2. On March 24, 2009, Applicant filed, on Debtor's behalf, the petition for relief under chapter 11, Case No. 09-10101.

3. On April 22, 2009, the Court entered an order in this case allowing employment of Applicant as Debtor's attorneys, retroactive to March 24, 2009. A copy of the order is attached hereto as **Exhibit A.**

4. On July 10, 2009, Applicant filed its First Application for Interim Compensation for Professional Services and for Reimbursement of Expenses of Forrest L. Ingram, P.C., requesting $20,846.50 in professional legal fees, and $1,077.88 in reimbursable expenses.

5. On August 4, 2009, this Court entered an Order Granting the First Interim Application of Forrest L. Ingram, P.C. for Allowance and Payment of Compensation and Costs, in the amount of $20,846.50 in professional legal fees, and $1,077.88 in reimbursable expenses.

6. On October 14, 2009, Applicant filed its Second Application for Interim Compensation for Professional Services and for Reimbursement of Expenses of Forrest L. Ingram, P.C., requesting $32,917.00 in professional legal fees, and $51.78 in reimbursable expenses.

7. On November 4, 2009, this Court entered an Order Granting the Second Application for Interim Compensation for Professional Services and for Reimbursement of Expenses of Forrest L. Ingram, P.C.

8. Applicant has performed numerous legal services for the Debtor thus far in this case. The times and chronology of the Applicant's services rendered in the above-entitled proceedings for the period from October 1, 2009 through February 28, 2010, are scheduled in detail to the tenth of an hour and arranged *by natures* in **Exhibit B**, attached hereto. A copy of Exhibit B has been sent to the Debtors with a request for review of the details, and for objection, if any. The Debtors have not objected to any items listed, to any of the services rendered, nor to any of the fees requested.

9. Applicant's billing detail, arranged *by attorneys*, is attached hereto as **Exhibit C**.

10. A brief description of the credentials of each employee of Forrest L. Ingram, P.C. for whom compensation is sought is attached hereto as **Exhibit D**.

11. All services for which compensation is requested were in connection with these bankruptcy proceedings. All services performed after the commencement of the above-entitled proceedings were in connection with the performance of duties of the Debtor and Debtor in Possession as prescribed by the Bankruptcy Code or pursuant to orders of this Court.

12. Applicant requests the allowance of payment of compensation for legal services during the period October 1, 2009 through February 28, 2010 in the sum of $67,813.50. Applicant requests the entry of the order in less than four months because Applicant is a small firm requiring the shorter interval.

13. The services rendered by Applicant were directly related and necessary to the preparation for and the administration of the Chapter 11 case, including, but not limited to, representing the Debtor in various adversary proceedings, filing briefs on behalf of the Debtor in connection with an adversary proceeding, drafting a disclosure statement and plan of reorganization, and corresponding with the Debtor and its creditors in relation to various issues in the Debtor's chapter 11 case.

14. HOURS OF SERVICES SORTED BY CATEGORY OR "NATURE" – The attorneys and clerks of Forrest L. Ingram, P.C. provided a total of 333.8 hours of services during the current period. The hours, broken down by natures are summarized in **Exhibit B**. They are as follows:

   a. <u>Admin</u>  Approximately 71.5 hours of time and services were rendered in connection with matters that were administrative in nature including, but not limited to, corresponding with the Debtor's principals regarding current issues in the Debtor's case, drafting and filing a motion to extend the deadline to file the

Debtor's disclosure statement and plan of reorganization, updating the Debtor's schedules, drafting objections to proofs of claim filed by Debtor's creditors, drafting settlement letters on behalf of the Debtor, preparing for and attending hearings on behalf of the Debtor, serving out pleadings filed on behalf of the Debtor, and drafting other pleadings on behalf of the Debtor. For these services, Applicant seeks $13,811.00.

b. **Adv** Approximately 33.1 hours of time and services were rendered in connection with adversarial matters including, but not limited to, exchanging correspondence with opposing counsel in adversarial proceedings, preparing for trial on adversarial proceedings, reviewing briefs submitted in adversary proceedings, attending various hearings on adversary proceedings, revising a consent judgment relating to one of the Debtor's adversary proceedings, drafting settlement proposals for adversary proceedings, and drafting a motion for attorney's fees relating to one of Debtor's adversary proceedings. For these services, Applicant seeks $12,259.00.

c. **App** Approximately 1.1 hours of time and services were rendered in connection with matters including, but not limited to, reviewing a notice of appeal filed by one of Debtor's creditors in an adversary proceeding. For these services, Applicant seeks $295.00.

d. **CashC** Approximately 2 hours of time and services were rendered in connection with reviewing and revising a motion relating to the Debtor's use of cash collateral, appearing in court on the Debtor's motion for use of cash collateral,

and corresponding with the Debtor and its creditors regarding its use of cash collateral. For these services, Applicant seeks $641.00.

e. <u>CM</u> Approximately 20 hours of time and services were rendered in connection with contested matters, including, but not limited to, responding to a claim filed by one of Debtor's creditors under the Perishable Agricultural Commodities Act ("PACA"), appearing in court on behalf of the Debtor for various contested matters, drafting a settlement for one of Debtor's creditor's PACA claims, drafting various pleadings relating to the Debtor's contested matters, and strategizing a plan of attach for Debtor's creditor's PACA claims. For such services, Applicant seeks $6,391.50.

f. <u>Cred</u> Approximately 5.5 hours of time and services were rendered in connection with matters relating to the Debtor's creditors, including, but not limited to, reviewing a creditor's fee petition relating to its PACA claim and corresponding with one of Debtor's creditors in relation to an appraisal conducted on a piece of real estate that the Debtor works out of. For such services, Applicant seeks $1,121.50.

g. <u>DS&P</u> Approximately 74.7 hours of time and services were rendered in connection with the Debtor's disclosure statement and plan, including, but not limited to, drafting, reviewing, revising, and filing initial and amended disclosure statements and plans, organizing and grouping the creditor's claims, corresponding with the Debtor's principals regarding the Debtor's disclosure statement and plan, drafting a motion to extend the deadline to file a disclosure

statement and plan, drafting claims objections, and analyzing the creditor's various claims. For such services, Applicant seeks $15,942.00.

h. **Fee** Approximately 6.9 hours of time and services were rendered in connection with fees incurred by the Debtor in connection with its chapter 11 case, including, but not limited to, corresponding with the Debtor's principals regarding the payment of professional fees, drafting the Applicant's second application for professional compensation, drafting an application for compensation on behalf of Debtor's accountant, and appearing in court on Applicant's second application for compensation. For such services, Applicant seeks $1,707.50.

i. **Fin** Approximately 0.2 hours of time and services were rendered in connection with meeting with a potential financier regarding the possibility of debtor in possession financing for the Debtor. For such services, Applicant seeks $90.00.

j. **Obj** Approximately 3.3 hours of time and services were rendered in connection with matters relating to the Debtor's objection to its creditors' claims, including, but not limited to, reviewing creditors' claims and drafting, revising, and filing objections to claims. For such services, Applicant seeks $1,458.00.

k. **Post-Tr** Approximately 2.7 hours of time and services were rendered in connection with matters that were post-trial in nature, including, but not limited to, drafting a motion to reconsider a ruling based on a motion to include attorney's fees on a judgment rendered in one of Debtor's adversary proceedings. For such services, Applicant seeks $530.00.

l. **Pre-Tr** Approximately 16.8 hours of time and services were rendered in connection with pre-trial matters, including, but not limited to, preparing witness

and exhibit lists in connection with one of Debtor's adversary proceedings, reviewing the witness and exhibit lists of opposing counsel in preparation of trial in an adversary proceeding, and taking part in other preparations for trial in one of Debtor's adversary proceedings. For such services, Applicant seeks $1,644.00.

m. **Resrch** Approximately 54.6 hours of time and services were rendered in connection with researching issues relating to the Debtor's case, including, but not limited to, researching various matters relating to the PACA necessary for filing briefs on behalf of the Debtor in one of its adversary proceedings, researching possible defenses to PACA claims, researching the effect of priority liens filed by the Internal Revenue Service, and researching issues relating to leases that run with the land. For such services, Applicant seeks 7,384.00.

n. **Trial** Approximately 39.1 hours of time and services were rendered in connection with trial matters, including, but not limited to, preparing for and attending a trial in an adversary proceeding against the Debtor and drafting a brief and response brief in connection with one of Debtor's adversary proceedings. For such services, Applicant seeks $3,519.00.

o. **Trste** Approximately 0.4 hours of time and services were rendered in connection with correspondence with the U.S. Trustee regarding matters relating to the Debtor's chapter 11 case. For such services, Applicant seeks $178.00.

p. **Tx** Approximately 1.9 hours of time and services were rendered in connection with the Debtor's tax issues, including, but not limited to, corresponding with counsel for the Internal Revenue Service, corresponding with the Debtor's

principals regarding current tax issues, and negotiating a settlement with the Internal Revenue Service. For such services, Applicant seeks $842.00.

15. HOURS OF SERVICES SORTED BY ATTORNEYS AND CLERKS – The attorneys and clerks of Forrest L. Ingram, P.C. provided a total of approximately 333.8 hours of service, broken down by attorney, as indicated on **Exhibit C**. They are as follows:

   a. **Attorney Forrest L. Ingram** provided approximately 73.3 hours of service at $440.00 per hour prior to 01/01/2010 and $450.00 per hour after 01/01/2010, including all phases of the chapter 11 case.

   b. **Attorney Michael Ohlman** provided approximately 14.2 hours of service at $200.00 per hour prior to 01/01/2010 and $220.00 per hour after 01/01/2010, including all phases of the chapter 11 case.

   c. **Attorney Vik Chaudhry (after 11/05/2009)** provided approximately 36.9 hours of service at $175.00 per hour prior to 01/01/2010 and $195.00 per hour after 01/01/2010, including all phases of the chapter 11 case.

   d. **Attorney Phil Groben (after 11/05/2009)** provided approximately 74.5 hours of service at $175.00 per hour prior to 01/01/2010 and $195.00 per hour after 01/01/2010, including all phases of the chapter 11 case.

   e. **Legal Clerk Vik Chaudhry (prior to 11/05/2010)** provided approximately 84.5 hours of service at $90.00 per hour, including all phases of the chapter 11 case.

   f. **Legal Clerks Phil Groben (prior to 11/05/2010) and Brad Opfermann** provided approximately 50.4 hours of service at $90.00 per hour, including all phases of the chapter 11 case.

16. Applicant's customary fee includes actual compensation for time and services, fixed overhead, salaries, and unallocable costs.

17. Applicant has also expended costs in providing services to Debtors. Such costs, including postage and copying costs, are set forth in **Exhibit E**, attached hereto. For such costs, Applicant seeks reimbursement in the sum of $177.60.

18. Applicant asks that Debtor be authorized to pay the fees and costs awarded from its operating account.

19. This Application and a Notice of Hearing on the Third Application has been sent to the Debtor, to the U.S. Trustee, and to parties entitled to notice. A Notice for Hearing on this application has likewise been sent to all other creditors and parties of interest, along with a summary of all services provided by Debtor's counsel to the Debtors. A certificate of service for the Notice has been filed with the Clerk of the Court.

20. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

**WHEREFORE,** Applicant respectfully requests that the Court conduct an appropriate hearing on Counsel's application and allow a reasonable fee to Debtor's Counsel in the sum of $67,813.50 for services for the period from October 1, 2009 through February 28, 2010, plus costs of $177.60, for a total of $67,991.10. Applicant asks that Debtor be authorized to pay the fees and costs awarded from its operating account. Applicant asks for such other relief as may be appropriate.

Respectfully submitted,

FORREST L. INGRAM, P.C.

/s/ Forrest L. Ingram
Attorney for Debtor

Forrest L. Ingram, #3129032
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900
Chicago, IL 60603
(312) 759-2838
(312) 759-0298 fax